IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01355-REB-MEH

TINA GARCIA,

      Plaintiff,

v.

BERKSHIRE/GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Status Report, docketed as a motion to dismiss, and construed by the Court as a motion for remand for lack of subject matter jurisdiction [filed December 3, 2010; docket #39].  The matter is referred to this Court for disposition.  (Docket #41.)  Defendant has responded.  For the reasons stated below, the Court **DENIES** Plaintiff's request for the Court to find that it lacks subject matter jurisdiction over this case.

## I.     Background

      This is an insurance contract dispute, removed by Defendant on the basis of diversity jurisdiction. (Docket #1.)  Plaintiff believes Defendant wrongfully suspended and withheld benefits due to her pursuant to a "Limited Edition" Executive Income Replacement Disability Policy held by Plaintiff.  (*See* docket #1-1.)  In the motion at hand, Plaintiff asserts this matter lacks complete diversity.  The Court perceives that Plaintiff raises two issues: 1) the policy at issue is subject to ERISA and Plaintiff is the plan administrator, thus "diversity is destroyed by the mutuality of the parties," and 2) as Plaintiff is a shareholder of Defendant, the direct action exception to diversity

jurisdiction applies.  (Docket #39 at 2, 5.)

In response, Defendant contends that the "mutuality" raised by Plaintiff is not subject to the direct action exception, whether the mutuality results from Plaintiff's claim that the policy is subject to ERISA or from Plaintiff's asserted role as a shareholder.  (Docket #42 at 2-3.)  Defendant challenges Plaintiff's representation that the disability policy giving rise to this lawsuit "was ever part of an ERISA plan."  (*Id*. at 3.)  In any event, Defendant states that even if Plaintiff's disability policy is governed by ERISA, federal question jurisdiction would provide the Court with proper jurisdiction over this matter.  (*Id*. at 5.)

## II.    Discussion

Diversity jurisdiction requires both complete diversity of the parties and an amount of controversy in excess of $75,000.  28 U.S.C.A. § 1332(a) (West 2010).  Complete diversity means "no plaintiff may be the citizen of a state of which any defendant is also a citizen."  *Cameron v. State Farm Mut. Auto Ins. Co.*, No. 10-cv-00699-PAB, 2010 WL 1413174, at *3 (D. Colo. Apr. 2, 2010) (citation omitted).  For individuals, "state citizenship is the equivalent of domicile."  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  "A corporation, however, is deemed to be a citizen of any State in which it has been incorporated and, if different, the state in which it has its principal place of business."  *Powers v. Allstate Motor and Cas. Ins. Co.*, No. 10-cv-00977-WYD-KLM, 2010 WL 2270182, at *1 (D. Colo. June 7, 2010) (citing 28 U.S.C. § 1332(c)(1)).

Section 1332(c)(1) of 28 U.S.C. codifies the following definition for the citizenship of a corporation, for diversity jurisdiction purposes:

[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as

> a party-defendant, such insurer shall be deemed a citizen of the State of which the
> insured is a citizen, as well as of any State by which the insurer has been
> incorporated and of the State where it has its principal place of business . . .

The phrase at issue, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen," is generally referred to as the "direct action exception." *See Powers*, 2010 WL 2270182 at *2. "The overwhelming weight of authority, including several cases from this District Court and the Tenth Circuit, hold that actions by an insured against his or her own insurer are not direct actions within the meaning of § 1332(c)(1)." *Id.* (citing *e.g.*, *Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003); *McGlinchey v. Hartford Acc. and Indem. Co.*, 866 F.2d 651, 652-53 (3d Cir. 1989); *Tuck v. United States Auto Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989); *Julius v. Metropolitan Cas. Ins. Co.*, No. 07-cv-02460-WDM-CBS, 2008 WL 1806134, at *3-4 (D. Colo. Apr. 21, 2008); *Long v. St. Paul Fire and Marine Ins. Co.*, 423 F. Supp. 2d 1219, 1223 (D. Kan. Apr. 6, 2006)).  Section 1332(c)(1) applies to lawsuits seeking to impose liability against the insurer for the negligence of any party insured by the insurer. *Id.*; *see also Tuck*, 859 F.2d at 847.  The direct action exception does not apply to a suit in which the insured is suing his or her own insurer for withholding benefits. *Id.*

Here, Plaintiff is the insured and sues her insurer for the suspension and withholding of disability benefits.  Thus, the Court declines to apply the direct action exception as requested by Plaintiff.  For the same reasons stated in an associated case previously pending before this Court, No. 10-cv-000912-REB-MEH, the Court finds that complete diversity jurisdiction is satisfied, as Defendant is a citizen of Massachusetts and Plaintiff is a citizen of Colorado.

Plaintiff's argument premised on ERISA prompts no different result.  In essence (and assuming the disability policy is legitimately part of an ERISA plan), Plaintiff believes that because the policy was issued through a company fully owned by Plaintiff, she is simultaneously the plan administrator and claimant, thus "mutuality of the parties" destroys complete diversity.  However, again, the direct action exception embodied in the diversity jurisdiction statute does not apply to lawsuits by an insured against the insured's insurer arising from the alleged withholding of benefits.  Plaintiff's own Complaint belies her present argument.[1]

## III.   Conclusion

Accordingly, Plaintiff's Status Report, docketed as a motion to dismiss, and construed by the Court as a motion for remand for lack of subject matter jurisdiction [filed December 3, 2010; docket #39], is **DENIED**.

On September 20, 2010, the Court ordered that the schedule entered in the associated case, Case No. 10-cv-00912-REB-MEH, would govern this case as well.  (Docket #22.)  As Case No. 10-cv-00912-REB-MEH has since been dismissed without prejudice for Plaintiff's failure to prosecute, the Court hereby adopts that matter's schedule as follows:

Initial Rule 26(a)(2) Disclosures:  February 1, 2011

Rebuttal Rule 26(a)(2) Disclosures:  March 1, 2011

Discovery Deadline:[2]  March 30, 2011

Dispositive Motion Deadline:  April 30, 2011

---

[1]Additionally, the Court agrees with Defendant that in any event, ERISA, if applicable, would provide the Court with federal question jurisdiction. *E.g., Welch v. Pro-Benefit Staffing, Inc.*, No. 90-A-426, 1990 WL 174885, at *2 (D. Colo. Nov. 7, 1990).

[2]Each side will be allowed five expert witnesses.  All written discovery shall be submitted 33 days prior to the close of discovery.

Final Pretrial Conference:[3]  June 27, 2011, at 9:45 a.m.

SO ORDERED.

Dated at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

_____

[3]In addition to filing a PDF copy with the Clerk of the Court, counsel should **e-mail** the proposed Final Pretrial Order in **Word or WordPerfect format** to Magistrate Judge Hegarty's chamber's email account at Hegarty_Chambers@cod.uscourts.gov **one week prior to the conference.**