IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01355-REB-MEH

TINA GARCIA,

     Plaintiff,

v.

BERKSHIRE/GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

     Defendant.

---

## RECOMMENDATION FOR DISMISSAL FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

     This matter comes before the Court *sua sponte*, due to Plaintiff's persistent failure to comply with the Court's orders and Plaintiff's failure to respond to Defendant's motion for summary judgment or motion to compel. For the reasons stated below, the Court **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE** and Defendant's Motion for Summary Judgment [filed February 17, 2011; docket #45] be **denied as moot**.[1] Additionally, in light of this recommendation, the Court **denies as moot** Defendant's Motion to Compel [filed February 17, 2011; docket #44].

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## I.      Background

This is an insurance contract dispute, removed by Defendant on the basis of diversity jurisdiction on June 11, 2010.  (Docket #1.)  Plaintiff initiated this action *pro se* on May 28, 2010, in Arapahoe County District Court.  (Docket #1-1.)  Plaintiff believes Defendant wrongfully suspended and withheld benefits due to her pursuant to a "Limited Edition" Executive Income Replacement Disability Policy held by Plaintiff.  (*See* docket #1-1.)

The Court has issued three orders to show cause during the lifetime of this lawsuit, each arising from Plaintiff's failure to comply with the Court's orders and her failure to prosecute this action.  (Dockets ##13, 17, 18.)  The Court issued the first order to show cause on July 14, 2010, because Plaintiff failed to respond to Defendant's previously pending motion to dismiss, nor did Plaintiff request an extension of time in which to do so.  The order instructed Plaintiff to show cause in writing on or before July 22, 2010, as to why the Court should not recommend that the motion to dismiss be granted.  (Docket #13 at 2.)  Plaintiff filed a response on July 23, 2010, requesting an extension of time to respond to the motion to dismiss.  (Docket #14.)  The Court accepted the response and discharged the obligation imposed by the order; however, the Court instructed Plaintiff to re-file her request for an extension of time in the form of a motion as required by D.C. Colo. LCivR 7.1C and to comply with D.C. Colo. LCivR 7.1A in doing so, on or before August 2, 2010. (Docket #16.)

The second order to show cause arose from Plaintiff's failure to comply with the Court's instruction to re-file her request for an extension of time in the form of a motion and Plaintiff's continuing failure to respond to the previously pending motion to dismiss.  (*See* docket #17.)  The Court issued the second order on August 10, 2010, instructing Plaintiff to respond on or before August 20, 2010.  Plaintiff did not response, thus the Court issued a third order to show cause on

2

August 24, 2010.  (Docket #18.)  The Court instructed Plaintiff to respond to the third order on or before September 2, 2010.  Again, Plaintiff did not respond.

The Court discharged the obligations in the second and third orders to show cause at the Scheduling Conference held September 20, 2010, which Plaintiff attended.  The Court discussed service on Defendant with Plaintiff and instructed counsel for Defendant to prepare a Scheduling Order for entry.  The Court additionally dismissed the pending motion to dismiss as premature.  (Docket #22.)  A Scheduling Order was never entered, although Defendant answered Plaintiff's complaint on October 29, 2010.  (Docket #35.)  The Court *sua sponte* entered an order setting deadlines on January 5, 2011, in an order denying Plaintiff's first motion for remand.  (Docket #43.)

Defendant filed a motion to compel and a motion for summary judgment on February 17, 2011.  (Dockets ##44, 45.)  The Court then issued a minute order instructing Plaintiff to respond to the motion to compel on or before March 7, 2011, and to the motion for summary judgment on or before March 14, 2011.  (Docket #48.)  Plaintiff filed a second motion for remand on March 2, 2011 (docket #49), which the Court denied on March 4, 2011.  (Docket #51.)  In the minute order denying Plaintiff's second motion for remand, the Court reminded Plaintiff that her responses were due March 7 and March 14, respectively.  To date, Plaintiff has not responded to either the motion to compel or the motion for summary judgment, nor has she requested an extension of time in which to do so, in direct contravention of this Court's orders.

## II.  Discussion

Although Plaintiff proceeds without an attorney, she bears the responsibility of prosecuting this case with due diligence.  The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*,

17 F.3d 1276, 1277 (10th Cir. 1994).  Plaintiff was ordered to respond to the pending motion to compel and motion for summary judgment, but failed to do so within the required time frame. Additionally, Plaintiff has made no request for an extension of time in which to file a response. Standing alone, this instance of Plaintiff's failure to comply with the Court's orders may not require the issuance of a recommendation for dismissal; however, considered in light of the previous three orders to show cause, the Court concludes that dismissal without prejudice is appropriate here.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.  See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).  When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to respond to Defendant's motion for summary judgment (and motion to compel) adversely affects Defendant's proceeding in this matter by impeding the Court's ability to review both parties' pleadings for consideration in reaching a fair

and just conclusion of Plaintiff's claims.  In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*.  Additionally, Plaintiff's persistent failure to comply with the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders (in this case, three orders to show cause), in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the two pending motions, not once, but twice.  The record of Plaintiff's failure to comply with the Court's orders, as evidenced by the issuance of three orders to show cause in this matter, leads the Court to believe Plaintiff is culpable under these circumstances.  Furthermore, the warnings in each of the three orders to show cause gave Plaintiff notice that this action could be dismissed as a result of her failure to prosecute, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice.  Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases.  *Ehrenhaus*, 965 F.2d at 920.  *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by her persistent failure to comply with Court orders, or to properly request an extension of time in which to do so.  For these reasons, dismissal without prejudice of this action is warranted.

III.     **Conclusion**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** this case for Plaintiff's failure to prosecute this action and failure to comply with Court orders.  The Court further **recommends** Defendant's Motion for Summary Judgment [filed February 17, 2011; docket #45] be **denied as moot**.  In light of this recommendation, the Court **denies as moot** Defendant's Motion to Compel [filed February 17, 2011; docket #44].

Dated at Denver, Colorado, this 21st day of March, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge