IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01355-REB-MEH

TINA GARCIA,

    Plaintiff,

v.

BERKSHIRE/GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

## SECOND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court upon the April 26, 2011 Order of the District Court regarding this Court's initial Recommendation issued March 21, 2011. (Dockets ##52, 57.) Defendant filed objections requesting that the case be dismissed with prejudice, which the District Court sustained. The District Court referred the matter back to this Court for further recommendation consistent with its Order. For the reasons stated below, the Court **RECOMMENDS** this case be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute, failure to comply with Court orders, and pattern of abusive litigation conduct. In light of this second recommendation, the Court again **recommends** that Defendant's Motion for Summary Judgment [filed February 17, 2011; docket #45] be **denied as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

**I.    Summary**

The issue before the Court is whether this matter should be dismissed with or without prejudice for Plaintiff's failure to prosecute. The District Court concurred with this Court's ultimate conclusion stated in its initial recommendation that the case should be dismissed, but explained that "the long and tortured litigation history of this matter and its predecessors . . . may warrant a dismissal with prejudice." (Docket #57 at 2.) The District Court suggested that this Court could consider dismissal with prejudice under the fifth *Ehrenhaus* factor, "or otherwise as a sanction for abusive litigation practice."[2] (*Id.*) In making this determination, the Court reviews the objection offered by Defendant and sustained by the District Court.

As stated, Defendant requests that the dismissal be made with prejudice, based on an alleged pattern of abusive litigation conduct by Plaintiff. (Docket #56 at 1-2.) As evidence of Plaintiff's abusive litigation conduct, Defendant refers to a case filed in this District between the same parties and arising from the same disability benefits policy, No. 04-cv-01619-LTB-BNB. In that matter, Magistrate Judge Boland recommended the sanction of dismissal due to Plaintiff's fabrication of evidence during the litigation. (*Id.* at 2.) This recommendation was adopted by the District Court and affirmed by the Tenth Circuit.[3] (*Id.*)

---

being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[2]The District Court further suggested that this Court consider the possibility that a dismissal without prejudice may have the effect of a dismissal with prejudice due to the applicable statute of limitations. (Docket #57 at 2.) Defendant filed a status report in response to this suggestion, indicating that it "does not contend that the statute of limitations has run . . . the limitations period would not expire until 2012." (Docket #58 at 2.) The Court considers this issue resolved.

[3]The District Court in the 2004 lawsuit also reached the merits of Defendant's motion for summary judgment in that matter, which the Court addresses herein.

After the 2004 case was dismissed with prejudice, Defendant contends that Plaintiff began forum shopping for a more sympathetic venue in which to again test her claims. Defendant recounts that Plaintiff filed three lawsuits against Defendant in a span of six months, mirroring the claims in the 2004 lawsuit and arising from the same disability benefits policy. (*Id.* at 3.) Defendant removed the first case, filed in Denver District Court, to federal court, where Plaintiff voluntarily dismissed her claims. Defendant also removed the second and third suits, initially filed in Arapahoe County District Court, to federal court. This Court recommended dismissal of the second case, No. 10-cv-00912-REB-MEH, without prejudice for Plaintiff's failure to prosecute, which was adopted by the District Court. The third case is the matter at hand. Defendant asserts that this pattern of forum shopping indicates that Plaintiff is attempting to avoid federal court due to the adverse disposition of the 2004 lawsuit. Defendant is concerned that, should this matter be dismissed without prejudice, it will be forced to "bear the brunt of repeated actions for the same claims." (*Id.*)

Defendant further argues that Plaintiff has filed repetitive and legally meritless motions regarding subject matter jurisdiction (reinforcing Defendant's charge that Plaintiff is forum shopping) in the latter two cases. (*Id.* at 4-5.) Defendant believes it should not have to continue incurring "substantial expense to defend against these redundant motions and [Plaintiff's] ever-changing theories." (*Id.* at 5.) Defendant calculates that it has spent more than $40,000 in its defense against Plaintiff's claims. (*Id.*)

Finally, Defendant refers to Plaintiff's refusal to cooperate in the discovery process. (*Id.* at 5-6.) Plaintiff did not serve Fed. R. Civ. P. 26(a)(1) or (2) disclosures, did not participate in the preparation of a scheduling order, and has not responded to Defendant's written discovery requests. (*Id.* at 5.) Defendant suggests that dismissal without prejudice, in essence, permits Plaintiff the opportunity to repeat her failure to prosecute. (*Id.* at 6.) Moreover, Defendant asserts that Plaintiff has "lost" evidence considered "crucial" in the 2004 lawsuit. Defendant cites to the District Court

presiding over that matter, indicating that Plaintiff's "conduct of spoliation was evidence of [her] pattern of abusive litigation." (*Id*. at 6-7.) Defendant states that it "should not have to continue to relitigate periods of purported disability where [Plaintiff] has gone to such lengths to hinder the claim investigation." (*Id*. at 7.)

## II.     Analysis

Although Plaintiff proceeds without an attorney, she bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Defendant's contentions regarding Plaintiff's litigation behavior stand uncontested and supported by the record. Plaintiff failed to comply with court orders (as explained in this Court's initial recommendation), failed to comply with her discovery obligations, forum shopped then filed repetitive frivolous motions regarding jurisdiction, and generally repeated the conduct (other than the outright falsification of evidence, to this Court's knowledge) that resulted in the recent imposition of $87,737.50 against her in sanctions in the 2004 lawsuit. *See Garcia v. Berkshire Life Ins. Co. of Amer.*, No. 04-cv-01619-LTB-BNB, 2011 WL 385184 (D. Colo. Feb. 2, 2011). Upon review of Defendant's objection and the entire record herein, the Court concludes that dismissal with prejudice is appropriate here.

"Dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920. Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the

4

plaintiff." *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). The last factor is at issue here, as the Court determined the other four were met in its initial recommendation. The Court originally recommended dismissal without prejudice, in consideration of Plaintiff's alleged disability and *pro se* status, which does require certain leniencies by the Court. However, evaluation of Defendant's objections leads the Court to conclude that the efficacy of lesser sanctions, that is, dismissal without prejudice, would not curb Plaintiff's conduct and would unduly prejudice Defendant. The Court agrees with Defendant's position that, should this have been the first case brought by Plaintiff against Defendant, dismissal without prejudice would be more appropriate. However, this is the fourth case brought by Plaintiff against Defendant, even after the disposition of her claims and the imposition of sanctions in the 2004 lawsuit. Defendant has demonstrated a clear record of willful disregard for court orders and procedure on part of Plaintiff, and Defendant should not have to endure such conduct again.[4]

---

[4]In *Ehrenhaus*, the Tenth Circuit affirmed the dismissal of the plaintiff's claims with prejudice. The *Ehrenhaus* plaintiff wilfully failed to comply with two court orders. 965 F.2d at 922. In *Cosby v. Meadors*, 351 F.3d 1324, 1331-32 (10th Cir. 2003), the Tenth Circuit affirmed the dismissal of the plaintiff's claims with prejudice, even though the plaintiff was an inmate proceeding *pro se*, because he did not comply with the court orders outlining his filing fee payment obligations. Here, as further explained in this second recommendation, not only did Plaintiff not comply with court orders, but she also purposefully impeded Defendant's ability to proceed in this litigation by not cooperating in scheduling or the discovery process, as well as by filing multiple lawsuits for the purpose of forum shopping. Comparing this Plaintiff's conduct to that of the *Ehrenhaus* and *Cosby* plaintiffs, the Court concludes that dismissal with prejudice is an appropriate sanction.

In the alternative, should the District Court determine that Plaintiff's conduct does not implicate dismissal with prejudice, the Court recommends that summary judgment be entered in favor of Defendant. In the case that "a party fails to properly address another party's assertion of fact as required by Rule 56(c)," Fed. R. Civ. P. 56(e) permits the Court to give such party an opportunity to do so, consider the noncontested facts undisputed, or "grant summary judgment if the motion and supporting materials . . . show the movant is entitled to it."

Here, Plaintiff did not respond to Defendant's motion for summary judgment. In its motion, Defendant asserts that *res judicata* precludes Plaintiff from bringing the claims in this matter, as the District Court in the 2004 lawsuit determined that Defendant "is entitled to judgment as a matter of law on Plaintiff's claim of breach of their insurance contract." (Docket #46 at 10-11.) *See also Garcia v. Berkshire Life Ins. Co. of Amer.*, No. 04-cv-01619-LTB-BNB, 2007 WL 4578333, at *5 (D. Colo. Dec. 27, 2007). Review of Defendant's motion demonstrates to this Court that the motion is properly supported, and *res judicata* would indeed preclude Plaintiff's claims, as nothing indicates she has cured her failure to satisfy the required proof of loss requirements under the policy. Therefore, the Court concludes that, in the alternative of dismissing Plaintiff's claims with prejudice as recommended above, the District Court should enter summary judgment in favor of Defendant on the basis of *res judicata*.

### III.   Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b) and *Ehrenhaus*, the Court hereby **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Plaintiff's claims for Plaintiff's failure to prosecute this action, failure to comply with Court orders, and pattern of abusive litigation conduct as recited in Defendant's objection. In light of this second recommendation, the Court again **recommends** that Defendant's Motion for

Summary Judgment [filed February 17, 2011; docket #45] be **denied as moot**.[5]

Respectfully submitted at Denver, Colorado, this 6th day of May, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[5] In the alternative, should the District Court reject this Court's recommendation of dismissal with prejudice for failure to prosecute, the Court recommends Defendant's motion for summary judgment be granted, as stated above.